IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.

                                        Crim. No. 18-2102 MV

LUIS CHACON-MANRIQUEZ,

    Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on Defendant Luis Chacon-Manriquez' Motion to Compel Discovery Pursuant to F.R.C.P. Rule 16. Doc. 22. The government timely filed a Response [Doc. 23] and submitted a Notice of Supplemental Authority [Doc. 30]. Mr. Chacon-Manriquez filed a Reply. Doc. 27. Having considered the motion, relevant law, and being otherwise fully informed, the Court finds that the motion is not well-taken and accordingly will be **DENIED**.

## BACKGROUND

Mr. Chacon-Manriquez is charged with distribution of five hundred grams and more of a mixture and substance containing a detectable amount of methamphetamine, in violation of 18 U.S.C. §§ 841(a)(1) and (b)(1)(A). The charge arises from the sale of methamphetamine occurring on or about May 9, 2018. Doc. 2.

On February 4, 2019, Mr. Chacon-Manriquez filed the instant Motion to Compel Discovery Pursuant to F.R.C.P. Rule 16. Doc. 22. Mr. Chacon-Manriquez has requested discovery related to an uncharged April 19, 2018 sale of methamphetamine, but his request was denied. *Id.* at ¶ 10. Mr. Chacon-Manriquez believes he is "entitled to any photos, surveillance footage, recorded

statements and conversations, reports, examinations, and any other tangible evidence in [the] possession and control of the government" as it relates to the April 19, 2018 transaction. *Id.* at ¶ 9. In his Motion to Compel, he contends that he is entitled to this discovery because it is relevant and "material to preparing the defense." *Id.* at ¶¶ 14, 17. He contends that the first transaction involves the same undercover agent, same confidential source, and occurred at the same location as the second, charged conduct, and the discovery will thus help defense "assess the credibility of the witnesses and the strength of the evidence." *Id.* at ¶¶ 8, 19.

On February 8, 2019, the government filed a timely Response in Opposition to Mr. Chacon-Manriquez' motion. Doc. 23. It supplemented its filing on March 4, 2019 with a Notice of Supplemental Authority. Doc. 30. The government contends that Mr. Chacon-Manriquez has not revealed how the additional discovery regarding his involvement in the uncharged conduct is material or how it could be utilized to rebut the government's case-in-chief. Doc. 23 at 4. Further, it states, Mr. Chacon-Manriquez "does not allege or demonstrate that pretrial disclosure . . . would enable the Defendant significantly to alter the quantum of proof in his favor." *Id.* Regarding the use of this information for purposes of sentencing, the government stipulates that the April 19, 2018 transaction should not be considered as relevant conduct, but reserves the right to reconsider its position. *Id.* at 4–5. The government states, should it change its position, it will promptly produce the relevant materials. *Id.* at 5.

Mr. Chacon-Manriquez submitted his Reply on February 26, 2019. Doc. 27. He states that his request is specific and he is not making a "request for blanket authorization to see the prosecution's file." Doc. 27 at 1–2. Mr. Chacon-Manriquez argues that the request may be material even where it is not used in the government's case-in-chief. *Id.* at 2 (citing *United States v. Stevens*, 985 F.2d 1175, 1180 (2d Cir. 1993)). He states that the "requested discovery will shed

light on Mr. Chacon Manriquez's prior dealing with the undercover agent in this case, and . . . play an important role in 'assisting impeachment or rebuttal,' and / or counter the government's case or bolster a defense." *Id.* at 2–3.

## DISCUSSION

### I. Legal Standard

There is no general constitutional right to discovery in a criminal case. *See Weatherford v. Bursey*, 429 U.S. 545, 559 (1977). The government, however, must make the disclosures required by due process under *Brady v. Maryland*, 373 U.S. 83 (1963), and by the Federal Rules of Criminal Procedure.

Federal Rule of Criminal Procedure 16 provides in pertinent part that "[u]pon defendant's request, the government must permit the defendant to inspect and to copy" documents "within the government's possession, custody, or control" if "(i) the item is material to preparing the defense; (ii) the government intends to use the item in its case-in-chief at trial; or (iii) the item was obtained from or belongs to the defendant." Fed. R. Crim. P. 16(a)(1)(E). However, a defendant is presumptively not entitled to "the discovery or inspection of reports, memoranda, or other internal government documents made by an attorney for the government or other government agent in connection with investigating or prosecuting the case" or material covered by the Jencks Act. Fed. R. Crim. P. 16(a)(2). *See also* 18 U.S.C. § 3500.

The Supreme Court has explained that, in the context of Rule 16, evidence "material to preparing the defense" refers specifically to arguments that respond "to the Government's case in chief" rather than simply any argument that might ultimately prevent a conviction. *United States v. Armstrong*, 517 U.S. 456, 462 (1996). *See also United States v. Lujan*, 530 F. Supp. 2d 1224, 1234 (D.N.M. 2008) ("The term 'defense' means an argument in response to the prosecution's

case-in-chief, *i.e.*, an argument that refutes the government's claims that the defendant committed the crime charged."). Given this definition of materiality, nothing in Rule 16 or *Armstrong* conflicts with the government's obligation under *Brady* and its progeny. *See, e.g.*, *Smith v. Cain*, 132 S. Ct. 627, 630 (2012) ("Under *Brady,* the State violates a defendant's right to due process if it withholds evidence that is favorable to the defense and material to the defendant's guilt or punishment."). For purposes of Rule 16(a)(1)(E)(i), materiality "means more than that the evidence in question bears some abstract logical relationship to the issues in the case." *See United States v. Burger*, 773 F. Supp. 1419, 1424 (D. Kan. 1991) (citation omitted). Rather, "there must be some indication that the pretrial disclosure of the disputed evidence would have enabled the defendant significantly to alter the quantum of proof in his favor." *Id.* (citation omitted); *see also United States v. Lloyd*, 992 F.2d 348, 350–51 (D.C. Cir. 1993).

Where a defendant requests undisclosed evidence from the government, a "defendant must make a prima facie showing of materiality." *Lujan*, 530 F. Supp. 2d at 1234. However, "[n]either a general description of the information sought nor conclusory allegations of materiality suffice; a defendant must present facts which would tend to show that the Government is in possession of information helpful to the defense." *United States v. Mandel*, 914 F.2d 1215, 1219 (9th Cir. 1990). While this burden is not a heavy one, "the defendant must make a specific request for the item together with an explanation of how it will be helpful to the defense." *United States v. Jordan,* 316 F.3d 1215, 1250 (11th Cir. 2003) (internal quotation marks omitted).

**II.     Analysis**

Mr. Chacon-Manriquez alleges that the discovery related to the uncharged April 19, 2018 transaction is material to his preparation of his defense. He states that the requested material is relevant to the charge in the indictment, given the relationship between the two transactions. Doc.

22 at ¶ 16. Mr. Chacon-Manriquez believes that any statement made "in furtherance of negotiations" is relevant as it relates to his role in the alleged drug trafficking scheme. *Id.* at ¶ 17. While these two transactions may be related, the defense has failed to demonstrate how the requested materials are necessary to rebutting the government's case-in-chief for the charged May 9, 2018 conduct.

Mr. Chacon-Manriquez' assertions provide a general description of the requested material ("any photos, surveillance footage, recorded statements and conversations, reports, examinations and any other tangible evidence") without specific dates, locations, or authors. Doc. 22 at ¶ 9. He makes conclusory statements that these materials will "shed light" on his relationship with the undercover and "play an important role in 'assisting impeachment or rebuttable,' and /or counter the government's case or bolster a defense." Doc. 27 at 2–3. However, defense fails to present specific facts demonstrating how these materials are helpful to rebutting the government's case-in-chief, particularly in light of the government's response that it does not intend to use any of the requested discovery in its case-in-chief. *See Mandel*, 914 F.2d at 1219 ("Neither a general description of the information sought nor conclusory allegations of materiality suffice; a defendant must present facts which would tend to show that the Government is in possession of information helpful to the defense."); *see also Lujan*, 530 F. Supp. 2d at 1234 ("The term 'defense' means an argument in response to the prosecution's case-in-chief[.]").

Finally, the Court notes that pursuant to Rule 16(a)(2), Mr. Chacon-Manriquez is not entitled to reports, recorded statements and conversations, examinations or any other evidence that has been made by the government or its agents. Fed. R. Crim. P. 16(a)(2).

## CONCLUSION

The government, to date, has complied with its disclosure obligations under the standing

discovery order, Rule 16 and 18 U.S.C. § 3500.  It has disclosed materials relevant to the charged conduct involving the sale of methamphetamine on May 9, 2018.  The Court does not find that the requested discovery pertaining to April 19, 2018 transaction has been shown to be material to Mr. Chacon-Manriquez' preparation of his defense at this time.  Should the government change its position and seek to offer the requested discovery as part of its case-in-chief, it shall promptly disclose the materials.  Accordingly, Mr. Chacon-Manriquez' Motion to Compel Discovery Pursuant to F.R.C.P. Rule 16 [Doc. 22] is hereby **DENIED**.

ENTERED this 18th day of March, 2019.

_____
MARTHA VAZQUEZ
UNITED STATES DISTRICT JUDGE

| | |
|---|---|
| Amanda R. Lavin | Elaine Y. Ramirez |
| FEDERAL PUBLIC DEFENDER | ASSISTANT UNITED STATES ATTORNEY |
| *Attorney for Mr. Chacon-Manriquez* | *United States Attorney* |