IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| | ) | CRIMINAL NO. 18-02102-MV-1 |
| vs. | ) | |
| LUIS CHACON-MANRIQUEZ | ) | |
| Defendant. | ) | |

## **MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on the United States' Motion *in Limine* to Prohibit Discussion of Sentencing or Punishment at Trial. Doc. 24. Defense counsel did not file a response to this Motion. The Court, having considered the Motion, relevant law, and being otherwise fully informed, finds that the Motion is well-taken and will be **GRANTED**.

The United States seeks an Order prohibiting any discussion of the potential penalties that would result from the conviction of Mr. Chacon-Manriquez, including any argument from defense counsel regarding sentencing issues. Doc. 24 at 1, 4.

The Court has the authority, under Federal Rules of Evidence 611, to control the presentation of evidence. Not only is the presentation of evidence of possible sentencing to a jury prejudicial to a defendant, but a jury is obligated to "reach its verdict without regard to what sentence might be imposed." *United States v. Greer*, 620 F.2d 1383, 1384-85 (10th Cir. 1980) (citing *Rogers v. United States*, 422 U.S. 35, 40 (1975)). Unless there is an explicit statutory requirement that the jury participate in the sentencing decision, "nothing is left 'for jury determination beyond the guilt or innocence of an accused.'" *Id*. (quoting *Chapman v. United States*, 443 F.2d 917, 920 (10th Cir. 1971)); *see also United States v. Parish*, 925 F.2d 1293, 1299

(10th Cir. 1991), *abrogated on other grounds by United States v. Wacker*, 72 F.3d 1453 (10th Cir. 1995) ("Unless a statute specifically requires jury participation in determining punishment, the jury shall not be informed of the possible penalties."). The Tenth Circuit has held that "it is improper to inform the jury of the defendant's possible punishment." *United States v. Jones*, 933 F.2d 807, 811 (10th Cir. 1991); *see also Rogers*, 422 U.S. at 40. Furthermore, the Tenth Circuit has held that "there is no right to jury nullification." *Crease v. McKune*, 189 F.3d 1188 (10th Cir. 1999) (citation omitted).

Moreover, Tenth Circuit Criminal Pattern Jury Instructions 1.04 and 1.20 direct that the jury's verdict should be based "solely upon the evidence, without prejudice or sympathy," and that it should not discuss or consider the possible punishment when deciding the verdict. Pattern Crim. Jury Instr. 10th Cir. 1.04, 1.20 (2018).

**IT IS THEREFORE ORDERED** that United States' Motion *in Limine* to Prohibit Discussion of Sentencing or Punishment at Trial [Doc. 24] is **GRANTED**.

DATED this 24th day of May, 2019.

_____
MARTHA VAZQUEZ
UNITED STATES DISTRICT JUDGE