IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| | ) | CRIMINAL NO. 18-02102-MV-1 |
| vs. | ) | |
| LUIS CHACON-MANRIQUEZ | ) | |
| Defendant. | ) | |

## **MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on Defendant Luis Chacon-Manriquez's Motion to Preclude Search of Mr. Chacon's Cell Phone as Unreasonable. Doc. 55. The government filed a Response [Doc. 60] and Mr. Chacon-Manriquez filed a Reply [Doc. 64]. The government then filed an Opposed Motion to Strike or in the Alternative, Motion for Leave to File a Surreply. Doc. 66. Having considered the Motions, relevant law, and being otherwise fully informed, the Court finds as moot Mr. Chacon-Manriquez's Motion, and further finds that the government's Motion to Strike is well-taken and will be **GRANTED**.

### BACKGROUND

On May 25, 2019, Mr. Chacon-Manriquez filed the instant Motion seeking to preclude the government from searching his cellular phone. Doc. 55. He states that his cellular phone was taken at the time of his arrest on June 28, 2018, and it was not searched nor was a warrant sought to obtain its contents. *Id*. at 1–2. He argues that the government had been in possession of his cellular phone for over ten months, and as such, its further seizure of his phone is unjustified. *Id*. at 2–3. He maintains that continued seizure of his phone is unreasonable and any search would

similarly be unreasonable and would violate his Fourth Amendment rights. *Id*. at 3. Using the balancing of the government's interest in the seizure of the cellular phone against Mr. Chacon-Manriquez's possessory interest, Mr. Chacon-Manriquez asserts that his interest far outweighs that of the government, and the Court should preclude any search and order it be returned to him immediately. *Id*. at–6 (citing *United States v. Pratt*, 915 F.3d 266, 272 (4th Cir. 2019)).

In the Response, filed May 29, 2019, the government argues that the Motion should be denied as moot as a search warrant was obtained on May 17, 2019 and the warrant was executed prior to the filing of the instant Motion. Doc. 60 at 1. The government acknowledges that a cellular phone's owner has significant privacy interests in the phone, but argues that Mr. Chacon-Manriquez "did nothing for several months to assert a possessory interest in the telephone." *Id*. at 2–3. Instead, he sought the contents of the phone from the government in April 2019 and did not request the return of the cellular phone until May 2019. *Id*. at 3. The government asserts that it was Mr. Chacon-Manriquez's averment that the phone contained exculpatory material that triggered its discovery obligations, prompting it to obtain a search warrant. *Id*. However, it maintains that no exculpatory information was located, but instead, it procured impeachment information that it will use to refute Mr. Chacon-Manriquez's defenses in rebuttal should he open the door by asserting the defense of entrapment or duress. *Id*. at 4. Furthermore, the government restates its offer to provide the contents of the phone to Mr. Chacon-Manriquez. *Id*. at 2.

In a Reply filed on June 12, 2019, Mr. Chacon-Manriquez maintains that the search and seizure of his phone violated his Fourth Amendment rights because the government's extended seizure of his phone was unreasonable. Doc. 64 at 2. He disputes that he in any way diminished his possessory interest in the phone, and states that he merely refused to sign an affidavit that

would allow the government to attribute the entirety of the contents on the phone to him. *Id*. Mr. Chacon-Manriquez asserts that the government unlawfully infringed on his Fourth Amendment rights by keeping the phone, providing no justification for the protracted delay in obtaining a search warrant, and only seeking to obtain evidence off the phone after he alleged the phone to contain exculpatory material. *Id*. at 3. Furthermore, he argues that the affidavit in support of the search warrant did not include information that he sought to have his cellular phone returned through a motion that was filed on May 16, 2019, the day prior to the government's submission of the warrant and affidavit to Untied States Magistrate Judge Kirtan Khalsa. *Id*. at 4. Ultimately, Mr. Chacon-Manriquez asks that this Court find that the extended seizure and subsequent search of his phone was an unreasonable violation of his Fourth Amendment rights. *Id*. at 5.

On June 14, 2019, the government filed an Opposed Motion to Strike or in the Alternative, Motion for Leave to file a Surreply. Doc. 66. The government requests that the Court strike the newly raised argument in the Reply that the search warrant in this matter contained an omission or was deficient. *Id*. at 1. The government argues that courts normally should not consider arguments first brought up in a Reply Brief. *Id*. Furthermore, it argues that Mr. Chacon-Manriquez misrepresented the exculpatory nature of the contents of the phone and now seeks the suppression of the inculpatory contents. *Id*. at 2. It also argues that his representation that it is crucial that the phone should be returned is "deceptive," as the phone is awaiting pick up at the DEA Albuquerque District Office. *Id*. The government requests that the Court disregard Mr. Chacon-Manriquez's newly raised suppression argument because it was his declaration that the cellular phone contained exculpatory material that triggered the government's discovery obligations. *Id*. at 4. Furthermore, the phone was searched pursuant to a warrant which was

lawfully obtained prior to the filing of the instant Motion. *Id*. Finally, because Mr. Chacon-Manriquez reframed his argument in the Reply as a motion to suppress, the government seeks leave to file a surreply to address these arguments, as well as "factual inaccuracies." *Id*. at 6.

## DISCUSSION

The Court finds as moot the instant motion because the government has already conducted a search of the cellular phone. For the first time, in the Reply brief, Mr. Chacon-Manriquez raised arguments pertaining to deficiencies in the search warrant for his cellular phone. *See* Doc. 64 at 4. Courts generally do not review issues that are raised for the first time in a reply brief. *Stump v. Gates*, 11 F.3d 527, 533 (10th Cir. 2000) (citing *Headrick v. Rockwell Intern. Corp.*, 24 F.3d 1272, 1178 (10th Cir. 1994)). Arguments raised for the first time in reply briefs may be deemed waived. *United States v. Harrell*, 642 F.3d 907, 918 (10th Cir. 2011).

At this time, the Court can no longer decide the Motion to Preclude Search of Mr. Chacon's Cell Phone, and there is no remedy the Court can provide under the current circumstances. Mr. Chacon-Manriquez requests that the Court find that the extended seizure and subsequent search of his phone was unreasonable, but he does not specify the precise remedy sought. *Id*. at 5. If he seeks suppression of the evidence retrieved from the search of his cellular phone, the Court finds that such an argument should properly be brought in a separate motion to suppress, detailing the legal standard to be applied and the specific remedy sought.

**IT IS THEREFORE ORDERED** that the Court finds as moot Mr. Chacon-Manriquez's motion to preclude the search of his cellular phone [Doc. 55]. The Court further finds that the government's Motion to Strike [Doc. 66] is **GRANTED**. Mr. Chacon-Manriquez is free to file another motion outlining the remedy sought with respect to the contents of his cellular phone given the government's declarations.

DATED this 22nd day of July, 2019.

_____
MARTHA VAZQUEZ
UNITED STATES DISTRICT JUDGE