UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                No. 18-CR-2102 MV

LUIS CHACON-MANRIQUEZ

    Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on Luis Chacon-Manriquez's pro se Motion for Reduction of Sentence Pursuant to 18 U.S.C. 3582(c)(2) in Light of Retroactive Effect of Amendment 782 [Doc. 186], and Mr. Chacon-Manriquez's Motion for Appointment of Counsel in Light of the Upcoming Amendment 821 [Doc. 188]. The government filed Responses to both motions [Docs. 187, 191]. Having considered the briefs and relevant law, and being otherwise fully informed, the Court finds that Mr. Chacon-Manriquez is not eligible for a sentence reduction and, accordingly, his motions must be denied.

## DISCUSSION

On October 9, 2020, Mr. Chacon-Manriquez was sentenced by this Court to the statutory mandatory minimum sentence of 120 months. Doc. 165. He pled guilty on October 18, 2019 to one count of distribution of 500 grams and more of a mixture and substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A). Docs. 1, 122. The low end of the applicable advisory guidelines range for Mr. Chacon-Manriquez was 121 months. Doc. 177 at 168. Following three days of testimony, the Court found that Mr. Chacon-

Manriquez was not safety valve-eligible and sentenced him below his guidelines range based on the statutory mandatory minimum sentence of 120 months. Doc. 177 at 166, 179. Mr. Chacon-Manriquez appealed his sentence, but the Tenth Circuit upheld this Court's factual findings and the sentence imposed. Doc. 185.

On May 5, 2022, Mr. Chacon-Manriquez filed the instant motion requesting a sentence reduction under Amendment 782 to the United States Sentencing Guidelines, which revised the Drug Quantity Table for the purpose of calculating offense levels. Doc. 186. Amendment 782, however, was made effective and retroactive in 2014—well before Mr. Chacon-Manriquez was indicted, entered a guilty plea, and was sentenced. Mr. Chacon-Manriquez is not eligible for a sentence reduction under Amendment 782 as it was already in place when he was sentenced and thus does not affect his guideline range or the sentence he received.

On November 20, 2023, Mr. Chacon-Manriquez filed the instant motion to appoint counsel in light of Amendment 821 to the United States Sentencing Guidelines. Doc. 188. The Federal Public Defender reviewed Mr. Chacon-Manriquez's case for sentence reduction eligibility and filed a notice that the office would not be moving to request a sentence reduction. Doc. 190.

While Mr. Chacon-Manriquez has not directly moved for a sentence reduction under Amendment 821, the Court notes that he is not eligible for such a reduction. The Tenth Circuit has made clear that, when considering a motion for a modification or reduction of sentence, "the first question, a matter of law, is whether a sentence reduction is even authorized." *United States v. White*, 765 F.3d 1240, 1245-46 (10th Cir. 2014). The district court does not have the power to modify a sentence pursuant to § 3582(c)(2) unless the defendant was sentenced based on a guidelines range lowered by a subsequent amendment to the Sentencing Guidelines. *Id.* at 1246; *United States v. McGee*, 615 F.3d 1287, 1291-92 (10th Cir. 2010). A reduction in a term of

imprisonment is not authorized under 18 U.S.C. § 3582(c) if the amendment in question "does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision (e.g., a statutory mandatory minimum term of imprisonment)." U.S.S.G. § 1B1.10 cmt. n.1(A). Since Mr. Chacon-Manriquez was sentenced pursuant to the mandatory minimum rather than his original guidelines range, this Court does not have discretion to modify or reduce his sentence under Amendment 821.

**IT IS THEREFORE ORDERED** that Mr. Chacon-Manriquez's Motion for Reduction of Sentence Pursuant to 18 U.S.C. 3582(c)(2) in Light of Retroactive Effect of Amendment 782 [Doc. 186] and Mr. Chacon-Manriquez's Motion for Appointment of Counsel in Light of the Upcoming Amendment 821 [Doc. 188] are **DENIED**.

ENTERED this 19th day of August 2024.

_____
MARTHA VAZQUEZ
SENIOR UNITED STATES DISTRICT JUDGE